SAMUEL, Judge.
Plaintiff, Ernestine Atkins, instituted suit (No. 6852 of our docket) for damages for personal injuries resulting from a dog bite. Her case was consolidated with that of Mr. and Mrs. Raymond Hall, whose suit (No. 6853 of our docket) was based upon a dog bite suffered by Mrs. Hall. Louella Hudson, the alleged owner of the dog, was named a defendant in both suits. Miss Hudson answered each of the petitions in the form of a general denial. Following trial on the merits, judgment was rendered in favor of plaintiff, Atkins, in the sum of $1,010, and in favor of plaintiffs, Mr. and Mrs. Hall, in the sum of $760. Miss Hudson has appealed.
The record consists solely of the testimony of the two injured plaintiffs and various exhibits.
Mrs. Hall testified: On May 6, 1969 she was walking on the sidewalk of North Villere Street in New Orleans. As she passed 1114 North Villere, a small white female dog, which showed obvious signs of *605 having recently had puppies, ran through an open gate at that address and bit her. The defendant called the dog by name and the dog responded, returning through the open gate. Mrs. Hall lived in the neighborhood. She knew the defendant resided at 1114 North Villere and was the owner of .the dog.
Miss Atkins testified that on May 7, 1969, while she was walking on the sidewalk on North Villere, a small white female dog, which appeared to have recently had puppies, ran through an open gate and bit her. As'the appellant takes issue with this witness’s identification of the particular premises from which the dog ran, we will discuss that question in more detail later in this opinion.
The injured plaintiffs received treatment for the dog bites at Charity Hospital, where they met each other. While conversing about their injuries, they discovered they had been at the same location when bitten by a dog answering the same description.
In this court the appellant contends: (1) the trial court erred in failing to grant a continuance and in admitting hearsay evidence and photographs over the objections of defense counsel; (2) the plaintiffs failed to prove the dog which bit them belonged to the defendant; and, alternatively, (3) the awards are excessive.
We find.no merit in the contention relative to the refused continuance. Appellant argues that because plaintiffs were granted a continuance on a previous occasion, she should have been granted a continuance on the day of trial. The earlier continuance was granted because plaintiffs’ attorney had a previously set case in another court on the day of trial and defendant counsel had consented to that continuance.
Defendant’s counsel requested the continuance because his client was not present in court when the cases were called for trial on June 6, 1974. He told the trial court that on May 22, 1974 he had directed a letter to the defendant informing her he had attended a pretrial conference on April 30, 1974 and that the matter was fixed for trial on June 6, 1974 at 11 a. m. He subsequently received a telephone call from Miss Hudson in response to his letter. She refused to consider a proposed compromise and he then advised her he would see her in court on the trial date. The day before the trial he attempted to communicate with her to remind her of the trial date. He made several telephone calls to her home during that day and that night but was unable to contact her. On the morning of trial, he stopped at her place of business and rang the bell, but there was no answer. Following his arrival at court shortly after 9 a. m. on the morning of trial, he- placed several telephone calls to her at the number which she had given him but received no response.
Code of Civil Procedure Article 1601 provides:
“A continuance may be granted in any case if there is good ground therefor.” LSA-C.C.P. Art. 1601.
The trial court apparently found, and we agree, that Miss Hudson had ample notice her case was set for trial and the record reflects no reasonable explanation, indeed no explanation at all, for her absence.
Nor do we find any merit in the contention relative to the admission of hearsay evidence. The testimony given by the two witnesses did contain some hearsay, references to what other people had said. However, we are convinced that, completely disregarding such hearsay, the admissible evidence is sufficient to support the judgment appealed from.
The photographs to which appellant makes objection are of the defendant’s residence. They were taken three years after the incidents in suit. They were introduced as a result of the fact that on sever *606 al occasions Miss Atkins testified she was bitten in the 1400 block of North Villere, while the defendant’s residence is located at 1114 North Villere. When the discrepancy was pointed out, Miss Atkins stated she could have been confused as to the street address and she positively identified the photographs as the place where she had been bitten. Mrs. Hall, who lived in the neighborhood and was familiar with the defendant’s residence, also identified the pictures as the residence of the defendant. The fact that the phorographs were taken three years after the incidents in suit is immaterial.
We also find no merit in appellant’s second contention relative to plaintiffs’ alleged failure to prove the dog which bit them belonged to Miss Hudson. We are of the opinion, as was the trial court, that the evidence presented was sufficient prima facie proof of the fact that the same dog was the offender in both of these cases and that the defendant was the owner of that animal.
Here, even under our jurisprudence prior to Holland v. Buckley, 305 So.2d 113 (La.S.Ct.), the defendant was clearly liable to Miss Atkins because, at the time her dog bit Miss Atkins, its vicious propensities were known to her; she knew the dog had bitten Mrs. Hall the previous day. Under Holland v. Buckley she is also liable to Mrs. Hall because the record contains no evidence exculpating her from fault. At page 119, Holland states:
“We hold, therefore, that the correct interpretation of Civil Code Article 2321 is as follows: When a domesticated animal harms another, the master of the animal is presumed to be at fault. The fault so provided is in the nature of strict liability, as an exception to or in addition to any ground of recovery on the basis of negligence, Article 2316. The owner may exculpate himself from such presumed fault only by showing that the harm was caused by the fault of the victim, by the fault of a third person for whom he is not responsible, or by a fortuitous event.”
Relative to quantum, the dog was picked up for observation by the S.P.C.A. and found not to be rabid. However, prior to that event, both injured plaintiffs went to Charity Hospital for Pasteur treatment. Miss Atkins received two rabies shots and was referred to the clinic because of an open incision. Her bill was $10. She is a private duty nurse and was on her way to a new case at the time she was bitten. She was out of work for four weeks before she found another job. She received $12.50 per day, five days per week, when she was employed. The award to her was $750.for pain and suffering, $10 for her medical bill, and $250 for loss of wages.
Mrs. Hall made two trips to the hospital for treatment. When she found the dog was not rabid, she went back to the doctor to determine whether the dog bite would have any effect on her arterial problems. She was advised it would not. She still has teeth marks on her legs where she was bitten by the dog. Her medical -bill was $10. She is a housewife and has no loss of wages. The trial court awarded her $750 for pain and suffering and $10 for medical expenses.
Although the injuries do appear to be somewhat minimal, we are of the opinion the awards do not constitute an abuse of the trial court’s discretion.
For the reasons assigned, the judgments appealed from are affirmed.

Affirmed.